**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK F. MCLELLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 12761** |
| | ) | |
| **GOOGLE LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Mark McLellan has sued Google LLC for patent infringement. Google has filed a motion to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a) and a motion to dismiss for failure to state a claim. For the following reasons, the Court grants the motion to transfer and accordingly leaves for the transferee court the motion to dismiss.

Section 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The parties agree that this civil action "might have been brought" in the Northern District of California, so the only dispute is whether "the convenience of parties and witnesses" and "the interest[s] of justice" warrant transfer. That language codifies a revised version of existing law on *forum non conveniens*, a doctrine that permits dismissal of a case when justified by the litigants' private interests and the public interest. *See Piper Aircraft*

*Co. v. Reyno*, 454 U.S. 235, 253 (1981) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) (discussing *forum non conveniens* factors).

A defendant may obtain a transfer under section 1404(a) by "establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The plaintiff's choice of forum is entitled to deference, but that deference is weaker when the plaintiff's choice is not its home forum. *Cf. Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 530 (2007) (stating rule in *forum non conveniens* context).

The countervailing considerations are the extent to which transfer would better serve "the convenience of parties and witnesses" and "the interest[s] of justice." 28 U.S.C. § 1404(a). Relevant convenience factors include "the availability of and access to witnesses," "each party's access to and distance from resources in each forum," "the location of material events," and "the relative ease of access to sources of proof." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The interest-of-justice factors "relate[] to the efficient administration of the court system" and include: a comparison of "docket congestion and likely speed to trial"; "each court's relative familiarity with the relevant law"; "the respective desirability of resolving controversies in each locale"; and "the relationship of each community to the controversy." *Id.* This list is not exhaustive: section 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id.* (quoting *Stewart Org.*

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In this case, McLellan claims that Google's search engine has infringed his patent on an "algorithm . . . for search engines to rank search results . . . for websites" based on the frequency that the websites' "promoters" perform twenty-eight "defined actions," such as logging into or creating an account. *See* Compl. ¶¶ 10–12. Google asserts that McLellan resides in Delaware and has no meaningful ties to the Northern District of Illinois. McLellan does not dispute this, so the presumption favoring his choice of forum is weakened.

On the other side of the scale, Google's main contention is that transfer to the Northern District of California would provide more convenient access to witnesses and evidence. Google asserts that relevant witnesses are in the Northern District of California, where it is headquartered. It identifies six "lead Google employees with the most relevant knowledge" regarding McLellan's claims. Def.'s Mem. in Supp. of Mot. to Transfer at 5. Five of the six are based in Google's headquarters in the Northern District of California; the last is based in London. Likewise, most of those employees' team members are based in the Northern District of California, and none are based in Illinois.

Moreover, Google asserts that relevant third-party witnesses are in the Northern District of California. Observing that the '807 patent expressly references Yahoo! Inc. as a source of prior art, Google identifies that three "key former Yahoo! employees" who could be witnesses on validity issues appear to be in the Northern District of California. *Id.* at 7–8. Google additionally points out that physical evidence is in the Northern District of California: two physical servers, the original Yahoo! prior-art device and a

3

Google prototype relied upon in the complaint. In contrast, Google points out that no "comparable prior-art systems, documentation, or witnesses" seem to be in Illinois. *Id.* at 8.

McLellan largely does not dispute any of this. But in his view, these factors are not enough to disturb his choice of forum. Regarding Google's employee-witnesses, McLellan points out that courts "typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." Pl.'s Opp'n to Mot. to Transfer at 10 (quoting *Abbott Lab'ys v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007) (Kennelly, J.)). As for the Yahoo! witnesses, McLellan argues that "[w]ith modern technology, testimony by videoconferencing 'can serve as a convenient, suitable alternative' to in-person testimony." *Id.*

McLellan's points are well-taken, but they do not erase the importance of the witnesses' physical locations. The Court agrees that the inconvenience to party-employee witnesses carries less weight than the inconvenience of obtaining non-party witnesses. But that does not mean that the location of party-employee witnesses is irrelevant. Moreover, the only identified non-party witnesses are in the Northern District of California. Given the limitations on a federal court's subpoena power, those witnesses cannot be compelled to travel to Illinois to testify. *See* Fed. R. Civ. P. 45(c); *see also Piper Aircraft*, 454 U.S. at 241 n.6, 258 (considering availability of compulsory process); *In re Atlassian Corp. PLC*, No. 2021-177, 2021 WL 5292268, at *2 (Fed. Cir. Nov. 15, 2021) (same). Transfer would solve those problems.

McLellan instead proposes video testimony as a workaround, but video testimony

4

comes with limitations. Rule 43 permits "testimony in open court by contemporaneous transmission from a different location," but only "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43. Those limitations exist for good reason, as the advisory committee notes aptly explain:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

*Id.* advisory committee's note to 1996 Amendment. Recorded depositions are an imperfect substitute for live testimony for the same reasons.

Advances in technology have undoubtedly made virtual testimony a more viable alternative to live testimony than in the past, *see In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013), but in this Court's experience the gap has not fully closed, and live testimony is significantly preferable. For these reasons, transfer to the Northern District of California would clearly provide more convenient access to witnesses.

Transfer would also improve access to evidence. McLellan argues that much of the evidence in this case is likely digitized and can be easily transmitted to Illinois with modern technology. The Court agrees that electronic evidence is essentially a non-factor. But Google, in its opening brief, identified physical servers that might be relevant evidence located in the Northern District of California. McLellan does not respond to this point, despite acknowledging that the "location of evidence is much more important when the evidence is only 'physical in nature.'" *See* Pl.'s Opp'n to Mot. to Transfer at 7 (quoting *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)). He does not contend, for example, that there are easily digitized documents

5

that make the physical servers unnecessary.  Transfer to the Northern District of California would provide convenient access to the physical servers, in the event the parties need it, without impeding access to other evidence.  In sum, the convenience factors clearly favor transfer.

Google also argues that the interest-of-justice factors favor transfer.  It observes that patent cases proceed to trial faster on average in the Northern District of California than in this district:  898 days compared to 1,459.  It also argues that the Northern District of California has a "substantially stronger interest in resolving this dispute because that is where the allegedly infringing products were largely designed and developed, and where relevant Google and Yahoo! prior art originated."  Def.'s Mem. in Supp. of Mot. to Transfer at 15.

McLellan does not dispute Google's time-to-trial numbers.  Instead, he argues that "the role of docket congestion should be disregarded because too often it is 'speculative.'"  Pl.'s Opp'n to Mot. to Transfer at 14.  In that vein, some courts of appeals have cautioned against relying too heavily on general time-to-trial statistics.  *See, e.g.*, *In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024); *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  The Court largely agrees with McLellan on the limited weight to give to statistics like this; the sample size (at least for this district) is likely too small to be meaningful, and that aside, the more relevant statistic is how the assigned judge moves cases along, not how the district as a whole does so.  The Court views the time-to-trial comparison as a wash, as it is confident that it could and would get this case to trial in less than three years from the filing date.

In response to Google's local-interest argument, McLellan contends that this

6

case is not localized anywhere because it involves "completely diffuse . . . matters of broader public interest"—"infringement of patent rights on a national scale."  Pl.'s Opp'n to Mot. to Transfer at 14.  Courts seem to have taken different views on how to assess local interests in patent cases.  Some have echoed McLellan's view that patent cases are not localized and that this factor is neutral.  *See, e.g., Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 733–34 (D. Del. 2012).  Others, including the Federal Circuit, seem to accept Google's argument that the location where the accused technology was developed has a particularized connection, though it is not clear whether this is or should be a distinct consideration from access to witnesses and evidence.  *See In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023).

The Court need not delve into either dispute; one way or another, neither of these factors tilts in favor of keeping the case in this district.  The Court is left with a weak presumption against transfer on the one hand—given McLellan's decision to sue away from home, in a forum with no connection to the case—and clearly more convenient access to witnesses and evidence on the other.  The balance tips in favor of transfer.

Other possible considerations do not change the outcome.  For example, the parties agree that courts in both the Northern District of California and this district are equally capable of applying federal patent law.  *See* Pl.'s Opp'n to Mot. to Transfer at 15 n.11.  Regarding distance to the parties, transfer will save Google the need to travel but require McLellan to travel further.  Those saved costs for Google are not a significant factor, but besides a passing reference to the longer distance to California, McLellan does not argue that transfer would meaningfully increase the burden on him.  *Cf.*

7

*Preston v. Am. Honda Motor Co.*, No. 17 C 3549, 2017 WL 5001447, at *5 (N.D. Ill. Nov. 2, 2017) (considering relative ability of parties to bear costs); *Gen. Portland Cement Co. v. Perry*, 204 F.2d 316, 318, 320 (7th Cir. 1953) (upholding denial of transfer where the plaintiff filed an affidavit explaining that transfer would cause him great financial hardship). That aside, the Court doubts that travel inconvenience is particularly burdensome for McLellan, given that he affirmatively chose to file the case in Chicago instead of in his home venue of Delaware. Finally, McLellan vaguely accuses Google of forum shopping, but even if that were so, it is not apparent that it would invalidate otherwise legitimate reasons warranting transfer. In any event, he provides no support for this accusation.

In the final analysis, this case has no connection to this district, besides the fact that McLellan chose to file suit here despite it not being his home venue. In this situation, the presumption in favor of his choice is relatively weak. The Northern District of California is a clearly more convenient venue, with better access to witnesses and evidence, at a minimum. That is enough to warrant transfer.

### Conclusion

For the reasons stated above, the Court grants Google's motion to transfer the case to the Northern District of California [dkt. 29] and leaves for the transferee court Google's motion to dismiss for failure to state a claim [dkt. 28]. The Clerk is directed to transfer this case forthwith to the Northern District of California. Any further dates and deadlines before this Court are vacated.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 4, 2025

8